BENJAMIN M. ROYAL *vs.* CYRUS CHANDLER.

Androscoggin.    Opinion January 2, 1891.

*Real action.    Evidence.    Boundaries.    Declarations.    Practice.*

The declaration of ancient persons, made while in possession of land owned by them, pointing out their boundaries on the land itself, and who are deceased at the time of the trial are admissible evidence, where nothing appears to show that they were interested in thus pointing out their boundaries; and it need not appear affirmatively that the declarations were made in restriction of, or against, their own rights.

When there is some doubt as to whether the acts and declarations were before or after the persons conveyed the land, it is a question in the first instance to be determined by the judge, in his discretion; and in this case was properly determined.

See *Royal* v. *Chandler*, 81 Maine, 118.

ON EXCEPTIONS.

This was a real action brought to settle the location of the dividing line between the parties.

The exceptions, by the defendant, relate to the admissibility of certain questions and answers in the deposition of one Tinker, offered by the plaintiff and admitted by the court against the defendant's objections.

These questions and answers contained the declarations of one Enoch Jones, who at the time of the trial, and also when the deposition was taken was deceased, made in his lifetime while he owned and occupied certain land bounded by the line in dispute, while upon his land in the act of pointing out to the witness then negotiating a purchase, its boundaries and certain monuments as marking the line in controversy. Prior to these declarations, Jones owned the land on both sides of this line, but at the time of pointing out these monuments he owned only the land upon its northeasterly or northerly side.

The defendant, among other objections, contended that Jones made the declarations after he had conveyed the disputed premises; that when making them he was not upon them, but was on the ten-acre piece; and did not accompany his statement with any act referring to them.

*N. and J. A. Morrill,* for defendant.

Jones' declarations not made in presence of defendant, and are hearsay ; are those only of a former owner. *Morrill* v. *Titcomb,* 8 Allen, 100 ; *Osgood* v. *Coates,* 1 *Id.* 77 ; *Blake* v. *Everett, Id.* 248. Admissible only against declarant and those in privity of title with him. Plaintiff not in privity with Jones or his grantees. *Allen* v. *Holton,* 20 Pick. 458 ; *Papendick* v. *Bridgewater,* 5 El. & Bl. 176 ; *Whitney* v. *Bacon,* 9 Gray, 206 ; Counsel also cited : *Daggett* v. *Shaw,* 5 Met. 223, 228 ; *Wood* v. *Foster,* 8 Allen, 24 ; *Ware* v. *Brookhouse,* 7 Gray, 454 ; *Sullivan Granite Co.* v. *Gordon,* 57 Maine, 520 ; *Niles* v. *Patch,* 13 Gray, 254 ; *Flagg* v. *Mason,* 8 *Id.* 556 ; *Long* v. *Colton,* 116 Mass. 415 ; *Bartlett* v. *Emerson,* 7 Gray, 176 ; *Hall* v. *Mayo,* 97 Mass. 418 ; 1 Green. Ev. § 145.

LIBBEY, J. This is a writ of entry. The parties are owners of adjoining lands, in Auburn, which are parts of original lot number one, formerly in Poland, according to Bakerstown survey. In 1820, said lot was owned by Josiah Little, who, February 14, 1822, conveyed to Jonathan Chandler, Jr., father of the defendant, fifty acres off of the northeasterly end of said lot, bounded on the southwest by a line parallel with the northeast line of the lot, and sixty-six rods distant therefrom. The contention between the parties is the true location of this line. February 3, 1829, said Chandler conveyed to Jonathan Lane ten acres of land on the northwest side of said fifty acres, and on the same day he conveyed the balance of the fifty acres to Rachel Chandler, and on April 10, 1848, said Rachel conveyed to Rufus C. Lane five acres of the remaining portion of the fifty acres, lying southeasterly of said ten acres, and Rufus C. Lane acquired the title to the ten acres. January 9, 1864, said Rachel conveyed the balance of the fifty acres to the defendant.

January 9, 1850, Josiah Little, or his heirs, conveyed the balance of said lot number one to Rufus C. Lane, who conveyed it, with the ten acres and five acres to Enoch Jones, May 28, 1860. Jones conveyed all, except the ten and five acre lots, to Lane and Hicks, December 25, 1860. July 3, 1871,

Lane and Hicks conveyed a portion of said land to the defendant, bounding it on the northeast by the land of the defendant before described. Said Jones conveyed the ten and five acre lots to Mary Tinker, by deed dated March 14, 1863. By this statement, it will be seen that the southwest line of the defendant's, and of the ten and five acre lots, and the northeast line of the plaintiff's land, is the continuous line of the fifty acres conveyed by Little to Jonathan Chandler, Jr. Both parties claimed that sometime after the conveyance, the line was run and marked.

The defendant's exceptions are to the admission of the testimony of Hosea W. Tinker, husband of Mary J. Tinker, who acted for her in negotiating the purchase of the ten and five-acre lots, of said Enoch Jones. The testimony states the acts and declarations of Jones, to the witness in regard to the location of the southwest line of said lots,— the line in dispute,— during the negotiations and while on the land. We think the testimony was competent and properly admitted.

In *Daggett* v. *Shaw*, 5 Met. 223, the rule is declared to be, in cases like this "that the declarations of ancient persons, made while in possession of land owned by them, pointing out their boundaries on the land itself, and who are deceased at the time of the trial, are admissible in evidence, where nothing appears to show that they were interested in thus pointing out their boundaries; and it need not appear affirmatively that the declarations were made in restriction of, or against, their own rights." Many authorities are cited in the opinion in support of the rule. We do not deem it necessary to repeat them here.

This rule has since been affirmed in Massachusetts, in *Bartlett* v. *Emerson*, 7 Gray, 174; *Ware* v. *Brookhouse*, *Ib.* 454; *Wood* v. *Foster*, 8 Allen, 24; and in *Niles* v. *Patch*, 13 Gray, 254, is fully recognized in an opinion by C. J. Shaw, and extended to the acts and declarations of one in possession of the land under a contract of purchase, but who had no title.

We think this rule has been recognized and acted upon in cases like this in this state. It is an exception to the general rule of evidence, that hearsay evidence is incompetent. Landmarks in the early surveys are usually formed of perishable

materials, frequently destroyed in clearing and the improvement of the land, and pass away with the generation in which they were made. In such cases, when no direct proof can be made as to the location and character of the monuments, we are forced to secondary evidence; and the acts of the owner of the land when upon it, pointing out the monuments and location of his line, and his declarations, made at the time in regard to them, when no controversy exists, are competent to be submitted to the jury, after his death, as having some tendency to prove the location of the line.

In this case, the testimony objected to by the defendant tends to prove that Jones, the owner of a part of the lot on one side of the disputed line, while upon it, negotiating a sale to Tinker, pointed out the location of the line at the southwest end of his lots, and the landmarks upon it. It is not suggested that Jones had any interest to locate the line further east than it really was. In fact that would curtail the length of his lots. It is clearly within the rule settled in the Massachusetts cases, *supra.*

True, it is contended by the defendant's counsel that the testimony of the witness tends to show that Jones' declaration, while pointing out the marked hemlock tree, was after he had conveyed to Mrs. Tinker, because on cross-examination he said it was after March 20, 1863, and the date of the deed to her is March 14th, of that year. But in his direct examination, he said it was before the purchase was made, and while he was negotiating for the purchase. The evidence was in deposition, and these apparently conflicting statements raised a question to be determined by the judge, in the exercise of his discretion, whether the acts and declarations referred to were while Jones held the title. We think the discretion was properly exercised. The witness would be much more likely to remember accurately the fact of examining the land and its lines during the negotiations than the precise day of the month; and then it is within our general knowledge that the date of the deed is not always identical with the date of the closing of the sale.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN and WHITEHOUSE, JJ., concurred.